POWERS v. RIESER.

(Supreme Court, Appellate Term. January 21, 1910.)

1. BROKERS (§ 86*)—ACTIONS FOR COMPENSATION—SUFFICIENCY OF EVIDENCE.
    In a broker's action for commissions for procuring a purchaser for property, evidence *held* to sustain a judgment for plaintiff.
    [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 86.*]

2. WITNESSES (§ 363*)—DISINTERESTED WITNESSES.
    That a witness had business relations with another witness, who was interested in the result of the litigation, did not make the former an interested witness.
    [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 363.*]

3. APPEAL AND ERROR (§ 274*)—OBJECTIONS—INSTRUCTIONS—NECESSITY.
    Where a charge that a certain witness was the only disinterested witness was excepted to on the ground that he was interested, it cannot be contended on appeal that the charge was erroneous because such witness was not the only disinterested witness; appellant being confined to his objection below.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1631–1645; Dec. Dig. § 274.*]

    Lehman, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Charles H. Powers against M. Gustine Rieser. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

J. Sidney Bernstein, for appellant.
George R. Bristor, for respondent.

GIEGERICH, J. The plaintiff, a real estate broker, brings this action to recover commissions claimed to have been earned by procuring a purchaser ready and willing to buy certain real property, belonging to the defendant, upon the terms proposed to the broker by the defendant. The answer was a denial of all the material allegations of the complaint. The jury found for the plaintiff, and the defendant appeals on the ground that the verdict was against the weight of evidence, and also upon exceptions taken to the charge of the trial judge and to his rulings upon the admission and exclusion of evidence.

It is undisputed that in the month of June, 1906, the defendant sent the plaintiff a description of the property in question, stating his price as $75,000, and further stating that there was a first mortgage with about four years to run, and a second mortgage of $11,000 with about the same time to run. The plaintiff at that time was in business for himself as a real estate broker. He testified that he offered the property without success upon the terms proposed. Later in the year he entered the employment of Pease & Elliman, a firm of real estate brokers in this city; but he testified that under his contract with them they were to have no interest in any sale he might make of the property in question. The plaintiff further testified that about the 1st of October of the same year he offered the property to one Atterbury, who declined to purchase, but shortly afterwards made a counter offer of $70,000, which the plaintiff submitted to the defendant, who refused it. Negotiations were continued,. however, with the result that towards the end of the month the parties were brought to a mutual agreement upon the price of $72,500.

According to the plaintiff's testimony, all these negotiations, including the final offer and its acceptance, were expressly based upon the terms and conditions mentioned in the defendant's description furnished to the plaintiff in the month of June previous. When the final agreement was reached,. a time for the execution of the contract of purchase and sale was fixed, and the parties attended at the time and place so agreed upon. A contract, previously drawn in the office of Pease & Elliman, was produced by the plaintiff, in which the due dates of the mortgages were stated to be July 6, 1907, for the first mortgage, and December 28, 1908, for the second. Atterbury refused to sign this contract unless the defendant would guarantee an extension of the first mortgage for three years. This was refused, and the sale fell through.

The defendant's version of the transaction was that, in the first place, his dealings in the fall of 1906 were with the firm of Pease & Elliman, and not with the plaintiff; and, secondly, that he had ex-

pressly based his reduction in the price of the property upon the condition that the purchaser take the property subject to the mortgages as they were, stating the dates of their maturity, and that it was upon those terms that the firm of brokers were finally authorized by him to close the transaction, and that they drew the contract from his dictation over the telephone in such a form as to carry out that intention.

The plaintiff's explanation of the variance between the terms of the description upon which he claimed to have been acting and the terms of the contract as finally drawn, and as produced by him at the time fixed for the closing, was that he had ordered the contract to be typewritten in the office of Pease & Elliman in accordance with the terms upon which he had effected the sale, and that he was not aware of the variance in regard to the mortgages until he read the contract when it was about to be presented for signature. He testified without objection that he later learned that this change had been made by the clerk who drew the contract, in pursuance of a request by telephone from the defendant.

These very different versions of the whole case, each supported in some respects by the testimony of other witnesses, were very fully presented to the jury, who found for the plaintiff. I do not think that the record requires or would justify any disturbance of their verdict, or of the judgment founded upon it. The plaintiff testified in his own behalf, and was corroborated to a considerable extent by the testimony of two other witnesses, one of whom was the proposed purchaser, Atterbury, who was not interested in the result of the action. The defendant's case rested upon his own testimony, corroborated in some respects by the testimony of his attorney. We cannot say that the result reached by the jury was contrary to or against the weight of the evidence thus given.

The court charged the jury that Mr. Atterbury was the only really disinterested witness, and the defendant's counsel took the following exception:

"I respectfully except to that portion of your honor's charge in which you stated that the only disinterested witness in this case is Mr. Atterbury, for the reason that the evidence shows that he is intimately related to Mr. Osterman in matters of business."

Mr. Atterbury was clearly a disinterested witness. He had no interest whatever in the result of the action, and the fact that he had business relations with the witness Osterman, who had an interest in the outcome of the litigation, was not sufficient to make him an interested witness. But the appellant argues that, even if Atterbury was disinterested, he was not the only witness who was so, and that the charge of the court improperly discredited the testimony of the defendant's attorney, who was a witness for the defendant. However this may be, the ground upon which the objection was made was altogether different, and if the charge required correction in this respect a request to that effect should have been made at the time. The point cannot be raised here for the first time. Bevins & Rogers, Appellate Term Practice, pp. 74, 79, and cases there cited.

We have examined the exceptions to the admission and exclusion of

evidence, but do not find any error in the rulings of the court below, and the points so raised do not seem to require discussion.

The judgment and order appealed from should be affirmed, with costs.

DAYTON, J., concurs.

LEHMAN, J. (dissenting). The plaintiff and his witnesses gave testimony which, if credible, is sufficient to sustain the verdict. The defendant and his attorney contradicted this testimony, and gave an entirely different version of the transaction, and their testimony is corroborated by the proposed written contract of sale. The plaintiff has endeavored to explain the admissions contained in that instrument, and, though I am disposed to disagree with the jury's verdict, they are the judges of questions of fact and of the credibility of witnesses. If under the judge's charge the jury had been properly instructed as to the credibility of witnesses and the weight to be given to their testimony in view of all the circumstances of the case, I should concur in the affirmance of the judgment.

I find, however, that the charge was not only open to misconstruction on the part of the jurors, but I am inclined to believe that the verdict is a direct result of the objectionable part of the charge. The trial justice told the jury:

"Take the case, and go over the evidence carefully. Study the interest of the witnesses and the probabilities of their stories. * * * The plaintiff is an interested witness, as he is asking you to give him money damages. Mr. Osterman is an interested witness, as he is going to participate in the recovery, if your verdict is in favor of the plaintiff. The defendant is an interested witness. The only really disinterested witness is Mr. Atterbury, who has explained his version of the transaction to you in the witness stand. It is for you to say whom you believe in this matter, and to decide the case accordingly."

Concededly Mr. Atterbury was not interested in the verdict in any direct or technical sense; but he had close associations with Mr. Osterman, who was directly interested in the result of the action, and upon his own testimony the jury might well have found him biased. I certainly think that a charge that he was the "only really disinterested witness" took away from the jury the question of how far any possible bias might affect his credibility; and the credibility of witnesses, whether interested or disinterested, and what effect shall be given to their testimony, are always questions for the jury and not for the court. In this case the decision of the jury must have depended largely upon whether they believed the story of Mr. Atterbury, the vendee in the proposed contract and the business associate of one of the brokers, or that of Mr. Bernstein, the attorney of the defendant. I believe that a perusal of their testimony shows that neither is willfully testifying falsely; but one of them must be mistaken as to the details of the transaction. Either of them might be misled, not by direct personal interest in the result, but by interest in one of the parties, and the jury should not have been told to credit the story of one, rather than that of the other.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.